UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN SHAW,<br><br>            Plaintiff,<br><br>   v.<br><br>KAISER PERMANENTE VALLEJO MEDICAL CENTER,<br><br>            Defendant. | No. 2:21-cv-0617 DAD DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff Dan Shaw is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On April 26, 2021, plaintiff's application to proceed in forma pauperis was granted and summons issued. (ECF No. 3.) The order directed plaintiff to supply the U.S. Marshal with all the information necessary to effect service within sixty days and to file a declaration stating the date on which plaintiff submitted the required documents to the U.S. Marshal within twenty days. Well over 80 days passed and the docket reflected no action by plaintiff.

      Accordingly, on April 20, 2022, the Court issued an order to show cause, ordering plaintiff to show cause in writing within fourteen days as to why this action should not be dismissed for lack of prosecution. (ECF No. 10.) Plaintiff was warned that the failure to timely comply with that order could result in a recommendation that this case be dismissed. (Id. at 2.)

1

Nonetheless, the time provided plaintiff has expired and plaintiff has not responded to the April 20, 2022 order.

## ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty that should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  Id.

Here, it appears plaintiff has failed to timely serve a defendant.  And plaintiff failed to respond to the April 20, 2022 order.  Plaintiff was warned that the failure to file a written response to that order could result in a recommendation that this matter be dismissed.  In this regard, plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile.  Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support the imposition of the sanction of dismissal.  Only the public policy favoring disposition on the merits counsels against dismissal.  However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility.  The undersigned will therefore recommend that this action be

////

dismissed due to plaintiff's failure to prosecute as well as plaintiff's failure to comply with the court's orders. See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's April 5, 2021 complaint (ECF No. 1) be dismissed without prejudice; and

2. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 13, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\shaw0617.dlop.f&rs

3